UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAR 24 2009


CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SANCOM, INC., a South Dakota Corporation, | |
| Plaintiff, | CIV. No. 07-4107 |
| vs. | MEMORANDUM OPINION AND ORDER RE: MOTIONS TO DISMISS |
| SPRINT COMMUNICATIONS COMPANY LIMITED PARTNERSHIP, a Delaware partnership, | |
| Defendant, Counterclaimant, and Third-Party Plaintiff, | |
| vs. | |
| FREE CONFERENCING CORPORATION OF AMERICA, a Nevada Corporation, | |
| and | |
| TELEJUNCTIONS LLC, a California limited liability company, | |
| Third-Party Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PROCEDURAL BACKGROUND

Plaintiff, Sancom, Inc. (Sancom), a competitive local exchange carrier, brought this diversity action against Sprint Communications Company, Limited Partnership (Sprint) in August of 2007, for the alleged failure to pay required federal and state tariffs for the provision of originating and terminating telephone access services. Doc. 1. Sprint, a long distance carrier, answered and counterclaimed for damages and declaratory relief, alleging breach of the Federal Tariff Obligation and Communications Act, breach of the State Tariff Obligation and Communications Act, Unjust Enrichment, Negligent Misrepresentation, and Civil Conspiracy. Doc. 5. Sprint also brought a third party complaint against Free Conferencing Corporation of America and Telejunctions LLC, alleging

that these Third-Party Defendants entered into a scheme with Sancom to impose illegitimate access charges on Sprint and then split the profits. Doc. 7.

On October 1, 2007, Sancom moved to dismiss Sprint's Counterclaim pursuant to FED. R. CIV. P. 12(b)(1) and (b)(6) contending this Court lacks authority to grant the relief sought by Sprint because the specific subject matter in issue requires expertise of the Federal Communications Commission (FCC), and that the FCC has primary jurisdiction over the subject matter of the Counterclaims. In the alternative, Sancom argued that this Court should issue a stay of Sprint's Counterclaims pending referral of the matters raised by the Counterclaims to the FCC.

On October 2, 2007, the FCC issued its decision in *Qwest Communications Corp. v. Farmers & Merchants Mut. Tel. Co.*, No. EB-07-MD-001 (*Farmers & Merchants*). In that case Qwest, a national long-distance carrier, alleged that Farmers & Merchants Mutual Telephone Company, an incumbent local exchange carrier, was engaged in a scheme with conference calling companies to which Farmers paid fees, to increase the number of calls to Farmers' numbers, making Qwest responsible for paying increased fees. Qwest asserted that the conference calling companies were not end users, and that delivering calls to them did not constitute terminating access service for which a charge should be imposed in accordance with the applicable tariff. Sprint makes basically the same argument in its Counterclaim in the action at hand. The FCC in its October 2, 2007 opinion found that "Qwest has failed to prove that the conference calling company-bound calls do not terminate in Farmers' exchange, and has failed to prove that Farmers' imposition of terminating access charges is inconsistent with its tariff." Par. 39. The Third-Party Defendants in this case, relying upon the FCC's October 2, 2007 *Farmers & Merchants* decision moved on November 14, 2007, to dismiss pursuant to FED. R. CIV. P. 12(b)(6). Doc. 33.

After Qwest petitioned the FCC for reconsideration of its decision in *Farmers & Merchants* this Court scheduled oral argument on the pending motions after the 90 days in which the FCC had to rule on the petition for reconsideration since this Court concluded that the action ultimately taken by the FCC in *Qwest Communications Corp. v. Farmers & Merchants* would have a substantial impact with regard to the case at hand. Before the scheduled argument Sprint filed a notice of the FCC's Order on Reconsideration. Doc. 50.

In its Order on Reconsideration which was released on January 29, 2008, the FCC granted in part the Petition for Partial Reconsideration which had been filed by Qwest. The Order stated that

Qwest had identified evidence concerning the relationship between Farmers, the incumbent local exchange carrier, and the certain conference calling companies that should have been produced in the underlying proceeding and the FCC was granting Qwest's Petition "to the extent that we initiate additional proceedings to consider the relevance of that new evidence." The FCC further stated in its Order of Reconsideration: "We take no view at this time as to whether [the new evidence] will persuade us to change our decision on the merits, but we believe that it is important to consider *all* the facts underlying this case."

After reviewing the FCC's Order on Reconsideration, this Court on February 6, 2008, cancelled the oral argument on the pending motions which was scheduled for Tuesday, February 12, 2008, and requested that the parties advise this Court when the FCC issued its final ruling on the merits of Qwest's petition for reconsideration. Doc. 52. On July 21, 2008, Sprint Communications submitted for the Court's consideration in reviewing the pending motions to dismiss, notice of decisions issued in similar litigation by Chief Judge Karen Schreier in *Sancom, Inc. v. Qwest Communications Corporation*, CIV. 07-4147-KES (D.S.D. June 26, 2008), and *Northern Valley Communications, LLC v. MCI Communications Services, Inc.*, No. CIV 07-1016-KES (D.S.D. June 26, 2008 ), as well as a decision from the FCC in *In re Request for Review by InterCall, Inc. of Decision of Universal Service Administrator*, CC Docket No. 96-45 ( June 30, 2008). This Court then granted leave for the parties to submit additional briefing and to address whether the decisions of which Sprint gave notice are persuasive authority with regard to the disposition of the motions to dismiss in the case at hand. This Court further directed the parties to address whether the Court should continue to delay ruling on the motions to dismiss until such time as the FCC makes a final ruling on the merits of Qwest's petition for reconsideration in *Farmers & Merchants* .

The parties submitted the additional briefing. Sprint contended that this Court should follow the holdings in *Sancom, Inc. v. Qwest Communications Corporation*, CIV. 07-4147-KES (D.S.D. June 26, 2008) and *Northern Valley Communications, LLC v. MCI Communications Services, Inc.*, No. CIV 07-1016-KES (D.S.D. June 26, 2008 ), deny the pending motions to dismiss and permit discovery to begin, without waiting for a final ruling from the FCC on the merits of Qwest's petition for reconsideration in *Farmers & Merchants*. Sancom and the third party defendants, however, contend that Judge Schreier's opinions should not dissuade the Court from granting their motions to dismiss, and that this Court should not defer its ruling on the motions to dismiss pending the FCC's resolution

3

of its *Farmers and Merchants* case. Sancom and the third party defendants contend that the core legal conclusion in the *Farmers and Merchants* case is not under reconsideration. The FCC has still not yet made a final ruling on the merits of Qwest's petition for reconsideration in. Farmers & Merchants. Since the parties agree that the Court should not defer its ruling on the motions to dismiss, and even though the FCC has not yet made a final ruling, the Court will rule on the motions as set forth in this memorandum opinion.

General Principles in Considering Rule 12(b)(1)(6) Motions

In considering a motion under Rule 12(b)(1)(6) the factual allegations of a complaint, or in this case, the counterclaim and third party complaint, are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965(2007), *cited in Data Mfg., Inc. v. United Parcel Service, Inc.*, 2009 WL 529849, at *1 (8th Cir. March 4, 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65 (internal citations omitted). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *Id.* at 1965 (internal citations omitted); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). Although Sprint need not provide specific facts in support of its allegations, *see Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam), it must include sufficient factual information to provide the "grounds" on which its claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n3.

## DISCUSSION

This Court will defer to the FCC's interpretation of The Communications Act of 1934, as amended by the Telecommunications Act of 1996, even if the FCC's interpretation differs from what this Court believes is the best statutory interpretation. *See National Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005); *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Although Sprint maintains that *Farmers and Merchants* is settled precedent establishing that switched access tariffs govern the relationship between long distance carriers and LECs for calls to all LEC end users, and that conference calling companies are end users under the

switched access tariffs, this Court is not convinced that FCC's October 2, 2007decision in *Farmers & Merchants* is at this time properly characterized as settled precedent. Although more than five months[1] have passed since Qwest submitted its amended petition, this Court believes it is as likely that the passage of time indicates that the FCC is in some way modifying its *Farmers and Merchants* decision as it is that the FCC has determined that the decision will remain unmodified without having issued an order stating the same.

Sancom argues that Sprint's claims and counterclaims are impermissible attempts to circumvent the filed rate doctrine and avoid paying tariffed terminating access charges that Sancom lawfully assessed for Sprint's undisputed use of its network Under the filed rate doctrine, the rate a carrier duly files in its published tariff is the only lawful charge. *See Louisville & Nashville R.R. Co. v. Maxwell*, 237 U.S. 94, 97 (1915). Rights as defined by a tariff filed under the Communications Act can not be varied or enlarged by either contract or tort. *See American Tel. and Tel. Co. v. Central Office Tel., Inc.*, 524 U.S. 214 (1998).

Decisions from this District construing pleadings similar to the counterclaim and third-party complaint in this action have held that since it was alleged that the services in issue were not covered by the tariff as opposed to challenging the validity of the rate of the tariff, the filed rate doctrine did not bar the claims for purposes of deciding the Rule 12(b)(6) motions. *See Sancom, Inc. v. Qwest Communications Corporation*, CIV. 07-4147-KES (D.S.D. June 26, 2008) and *Northern Valley Communications, LLC v. MCI Communications Services, Inc.*, CIV 07-1016-KES (D.S.D. June 26, 2008 ). These decisions have also distinguished cases such as the one at hand which involve a competitive local exchange carrier from the situation in *Farmers and Merchants* which involved an incumbent local exchange carrier. *See Northern Valley Communications, LLC v. Sprint Communications Co. Limited Partnership*, CIV 08-1003-KES (D.S.D. July 30, 2008), p. 13. In *All American Tel. Co., Inc. v. AT&T, Inc.*, 2008 WL 2876424 (S.D.N.Y. July 24, 2008), a case in which

---

[1] 47 U.S.C.A. § 208(b)(1) provides that "the Commission shall, with respect to any investigation under this section of the lawfulness of a charge, classification, regulation, or practice, issue an order concluding such investigation within 5 months after the date on which the complaint was filed."

5

the district court was presented with claims similar to those presented in the case at hand and in which the district court granted a motion for judgment on the pleadings, the district court distinguished its pleadings from those in *Sancom, Inc. v. Qwest Communications Corporation*, CIV. 07-4147, on the basis that the pleadings before it did not allege that the conferencing equipment was located outside of the defendant's service territory.[2] The significance of these distinctions has not been fully analyzed in the case at hand. Given the uncertain status of the *Farmers & Merchants* decision, this Court cannot conclude that the counterclaim and third-party complaint have failed to allege facts, which, when taken as true, raise more than a speculative right to relief.

The above decisions from this District which have denied motions to dismiss and the FCC's Order On Rehearing stress the importance of developing the factual background in resolving the issues presented in these tariff disputes. Likewise, in *Aventure Communications Technology, L.L.C. v. MCI Communications Services, Inc.*, 2008 WL 4280371 (N.D.Iowa, September 16, 2008), a case in which the district court had deferred supplemental briefing on pending motions to dismiss in three similar cases until the FCC issued a final decision in *Farmers & Merchants*, discovery was allowed to proceed on counterclaims similar to those before the Court in this action. The United States Magistrate Judge in *Aventure* explained:

> Aventure's claim against Verizon is essentially a collection action in which it seeks to recover payment for the disputed termination charges. Verizon asserts the objected-to discovery is relevant both to its counterclaims and to Aventure's collection claims. That is because to prevail Aventure must prove it operated under a federally-filed tariff and provided services pursuant to the tariff. *See Northern Valley Communications v. MCI Communications Servs., Inc.*, 2008 WL 2627519, *3 (D.S.D. June 26, 2008)(quoting *Advamtel LLC v. AT & T Corp.*, 118 F.Supp.2d 680, 683 (E.D.Va.2000)).

2008 WL 4280371 at *2.

In this case Sprint maintains that there are numerous factual questions and mixed questions of

---

[2]*All American Telephone Co., Inc. v. AT&T, Inc.*, also characterized the FCC's reconsideration in *Farmers & Merchants* as being restricted to "new evidence relevant to a portion of its analysis that is neither applicable nor dispositive here."2008 WL 2876424 at 3 n.3.

law and fact which need to be resolved, including: (1) whether Sancom has a relationship with the call connection partners that effectively make them joint-venturers, rather than customers,(2) whether the call connection partners even subscribe to Sancom's service, (3) whether the call connection partners are acting as common carriers, which would impact whether calls to them are not subject to access charges even if they are customers,(4) whether some of Sancom's call-connection partners are international or similar carriers with calls that terminate outside of Sancom's calling area, and (5) whether any conference calls terminated in the local exchange.

This Court continues to maintain that the action ultimately taken by the FCC in *Farmers & Merchants* will have a substantial impact with regard to the case at hand. Given the unusual and uncertain status of the *Farmers & Merchants* case, and the absence of a developed factual record in this case, the Court is denying all motions to dismiss without prejudice to the parties to later submit motions for summary judgment regarding the issues set forth in these motions to dismiss. Accordingly,

IT IS ORDERED:

1. Plaintiff Sancom, Inc.'s Motion to Dismiss Defendant's Counterclaims (Doc. 12) is denied; and

2. Third Party Defendants Free Conferencing Corporation of America and TeleJunctions LLC Motion to Dismiss the third-party claims asserted against them by Sprint (Doc. 33) is denied

Dated this 24th day of March, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summoi Wahuhu
(SEAL)      DEPUTY