UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANCOM, INC., a South Dakota Corporation, | ) ) ) | CIV. 07-4107-KES |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| SPRINT COMMUNICATIONS COMPANY LIMITED PARTNERSHIP, a Delaware partnership, | ) ) ) ) ) | ORDER |
| Defendant and Third-Party Plaintiff, | ) ) ) ) | |
| vs. | ) ) ) | |
| FREE CONFERENCING CORPORATION OF AMERICA, a Nevada corporation, and TELEJUNCTIONS LLC, a California limited liability company, | ) ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

Plaintiff, Sancom, Inc., brought suit against defendant, Sprint Communcations Co., alleging claims for breach of contract, breach of implied contract, and unjust enrichment after Sprint refused to pay Sancom's invoices. Docket 1. Sprint answered the complaint and asserted a counterclaim against Sancom. Docket 5. Sprint brought a third-party complaint against Free Conferencing Corporation of America and Telejunctions, LLC, alleging unjust enrichment and civil conspiracy claims. Docket 7. Sprint alleged that "Sancom and Third-Party Defendants have devised a scheme artificially to inflate call

volumes . . . in order to bill Sprint inflated rates for what Sancom wrongly characterized as tariffed 'terminating access' services." Docket 7 ¶ 17. Sancom and Sprint later reached a confidential settlement and jointly moved to dismiss Sancom's complaint and Sprint's counterclaim with prejudice, but they did not state whether Sprint's third-party complaint should be dismissed. Docket 123. The court entered an order stating that it was "inclined to dismiss the third-party complaint," but allowed Sprint to file a brief stating "why the third-party complaint should not be dismissed." Docket 125 at 2.

Sprint filed a brief stating that the third-party complaint could be dismissed with prejudice. Docket 126 at 2. Third-party defendants sought leave to file a response to Sprint's brief, which the court granted. Third-party defendants contend that they are entitled to attorney's fees under the Federal Communications Act (FCA), which Sprint contests.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(a)(2), third-party defendants request that the court make dismissal of Sprint's third-party complaint contingent upon Sprint paying third-party defendants' attorney's fees and costs. Docket 131 at 8-9. Third-party defendants argue that they are entitled to attorney's fees under 47 U.S.C. § 206 ("Carriers' liability for damages"), which allows for the recovery of attorney's fees in certain situations:

> In case any common carrier shall do, or cause or permit to be done, any act, matter, or thing in this chapter prohibited or declared to be

> unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case.

47 U.S.C. § 206.

Attorney's fees, however, are not available under § 206 for the dismissal of Sprint's third-party complaint because no damages will be awarded as a result of the dismissal. The district court for the Southern District of New York has reasoned that attorney's fees are only recoverable under § 206 if damages are recovered:

> [T]his is not a "case of recovery" because no damages have been awarded. . . . The requirement that a party have been awarded damages is also suggested both by the title of § 206 ("Carriers' liability for damages") and by its language, which provides for "damages . . . together with a reasonable counsel or attorney's fee." This language links the recovery of attorney's fees to the recovery of damages.

*AT&T Co. v. United Artists Payphone Corp.*, 852 F. Supp. 221, 224-25 (S.D.N.Y.), *aff'd* 39 F.3d 411 (2d Cir. 1994). Other courts have similarly held. *See, e.g.*, *Conboy v. AT&T Corp.*, 241 F.3d 242, 250-51 (2d Cir. 2001); *Swain v. AT&T Corp.*, No. 3:94-cv-1088-D, 1997 WL 573464, at *1-2 (N.D. Tex. Sept. 9, 1997).

There is no right to attorney's fees under § 206 if there has "been no independent recovery of damages." *Swain*, 1997 WL 573464, at *1 (reasoning that "[s]everal courts have held that the plain language of § 206 . . . precludes an award of attorney's fees where there has been no independent recovery of damages."

(citations omitted)). The Second Circuit has noted that the FCA "does not permit the recovery of presumed damages." *Conboy*, 241 F.3d at 250 (citing *In re Commcn's Satellite Corp.*, 97 F.C.C. 2d 82, 90 (1984)).

Because third-party defendants have not alleged any claims against Sprint and will not recover any damages if Sprint's third-party complaint is dismissed, third-party defendants are not entitled to an award of attorney's fees under § 206. *See United Artists*, 852 F. Supp. at 224 (reasoning that a party can be the "prevailing party" in an action and still have "not 'recovered' anything."). The court has reviewed third-party defendants' other arguments on why they are entitled to attorney's fees and finds them to be without merit. Accordingly, it is

ORDERED that plaintiff's complaint (Docket 1), defendant's counterclaim (Docket 5), and defendant's third-party complaint (Docket 7) are dismissed on the merits with prejudice without costs and without notice to any party.

IT IS FURTHER ORDERED that defendant's motion for judgment on the pleadings on counts number two and three of plaintiff's complaint (Docket 74) is denied as moot.

Dated June 27, 2012.

                                    BY THE COURT:

                                    /s/ *Karen E. Schreier*
                                    KAREN E. SCHREIER
                                    CHIEF JUDGE